Guy L. ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00091–CR.

Court of Appeals of Texas,
Texarkana.

Submitted April 13, 2000.
Decided April 14, 2000.

**165**

Guy L. Allen, Navasota, pro se.

Marcus D. Taylor, Wood County Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Guy Allen has filed an appeal from an order denying his motion for entry of judgment nunc pro tunc. There is no statutory authorization for an appeal from such an order; thus, we first determine whether this is an appealable order.

The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Dopps*, 723 S.W.2d 669 (Tex.Crim. App.1986); *Alvarez v. State*, 605 S.W.2d 615 (Tex.Crim.App. [Panel Op.] 1980). A judgment may be reformed so as to show the offense of which the accused was found guilty by a court and jury. *Hughes v. State*, 493 S.W.2d 166, 170 (Tex.Crim.App. 1973). A nunc pro tunc order may correct clerical errors in a judgment, but not judicial omissions. *Dopps*, 723 S.W.2d 669; *Alvarez*, 605 S.W.2d 615. A clerical error is one that does not result from judicial reasoning or determination. *Alvarez*, 605 S.W.2d 615. Finally, the classification of an error as clerical or judicial is a question of law. *Id.*

In *State v. Ross*, 953 S.W.2d 748, 755 (Tex.Crim.App.1997) (orig.proceeding), the court reviewed an order granting a motion nunc pro tunc and held that the failure of a trial court to do an act that is mandatory is a clerical error as opposed to an error of judicial reasoning. The court reasoned that because the action was mandatory in nature, a writ of mandamus could be sought to require a judge to alter his written judgment. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim.App.1988) (holding in connection with a judgment nunc pro tunc that when a court has no discretion on a matter-when it is, in other words, a mandatory duty-then the failure of the court to comply is considered a clerical error since no judicial reasoning is required).

We, therefore, conclude that this order by the trial court is not appealable and that any attack on such an order must be brought through a mandamus proceeding. We have no jurisdiction to consider the appeal.

The appeal is dismissed for want of jurisdiction.