**Ryan EVERETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–169–CR.**

Court of Appeals of Texas,
Waco.

July 3, 2002.

Discretionary Review Refused
Oct. 2, 2002.

Ryan Everett, Bonham, pro se.

John W. Segrest, McLennan County
Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice
VANCE, and Justice GRAY.

**MEMORANDUM OPINION**

TOM GRAY, Justice.

Ryan Everett pleaded guilty to sexual assault. Pursuant to a plea agreement, the court sentenced him to five years' imprisonment, suspended imposition of sentence, and placed him on community supervision for five years. The court revoked Everett's community supervision and imposed the original sentence in June 2000. Everett filed a motion for judgment nunc pro tunc in May 2002 complaining that he had not received proper credit for the jail time he served before imposition of sentence. The court denied this motion and Everett appealed.

Article V, section 6 of the Texas Constitution invests this Court with jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. Article 44.02 of the Code of Criminal Procedure provides in pertinent part, "A defendant in any criminal action has the right of appeal." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Texas courts have consistently construed article 44.02 to allow an appeal only "from a 'final judgment [of conviction],' though the statute does not contain this limitation on its face." *Benford v. State*, 994 S.W.2d 404, 408–09 (Tex. App.-Waco 1999, no pet.) (quoting *State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim.App.1990)).

This Court has jurisdiction over other types of criminal appeals only when "expressly granted by law." *Benford*, 994 S.W.2d at 409 (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App.1991)). No statute vests this Court with jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc. *See State v. Ross*, 953 S.W.2d 748, 751–52 (Tex.Crim.App.1997). Accordingly, we dismiss this appeal for want of jurisdiction.