Lumpkin v. State

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-011-CR

2-05-012-CR

MORRIS HERSHELL LUMPKIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Morris Hershell Lumpkin is attempting to appeal the trial court’s order denying his motion for a nunc pro tunc order.  Because this denial is not an appealable order, we will dismiss the appeal for want of jurisdiction.

Neither the United States nor Texas constitution guarantees the right to appeal state criminal convictions.  
McKane v. Durston
, 153 U.S. 684, 687, 14 S. Ct. 913, 915 (1894); 
Griffin v. State
, 145 S.W.3d 645,
 646 (Tex. Crim. App. 2004). 
 A defendant’s right to appeal is granted only by statute.  
Griffin
, 145 S.W.3d at 646.  No statute vests this court with jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc.  
See Everett v. State
, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism’d).

On January 20, 2005, we notified Appellant of our concern that we lacked jurisdiction over the appeal because 
a direct appeal is not the proper vehicle to attack an order denying a motion for judgment nunc pro tunc.  
See Gavina v. State
, No. 2-00-264-CR (Tex. App.—Fort Worth Aug. 25, 2000, no pet.) (not designated for publication)
; 
Allen v. State
, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.); 
.  We informed Appellant that the appeal was subject to dismissal unless he or any party desiring to continue the appeal filed a response with this court showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 43.2(f), 44.3.  

Appellant then filed his “Motion to Invoke This Court’s Jurisdiction,” responding that he was appealing under article V, section 5 of the Texas Constitution and rules 23.1 and 36.3(b) of the Texas Rules of Appellate Procedure.  Article V of the Texas Constitution states that appeals of non-death penalty cases “shall be to the Courts of Appeal as prescribed by law.”  
Tex. Const.
 art. V, § 5(b).  However, Texas has no law providing for an appeal from a denial of a request for judgment nunc pro tunc, 
see Everett
,
 
82 S.W.3d at 735, and the appellate rules cited by Appellant do not address the issue of this court’s jurisdiction.
  Furthermore, nearly all the cases cited by Appellant in his response involve appeals from the trial court’s grant of a motion for judgment nunc pro tunc and therefore are inapposite here, where Appellant contests the trial court’s 
denial 
of his nunc pro tunc
 request.  
See Davis v. State
, 897 S.W.2d 791 (Tex. Crim. App. 1995); 
Smith v. State
, 15 S.W.3d 294 (Tex. App.—Dallas 2000, no pet.)
; 
Ex parte Curry
, 712 S.W.2d 878 (Tex. App.—Austin 1986, no pet.
) (citing 
Shaw v. State
, 539 S.W.2d 887 (Tex. Crim. App. 1976)).  The Texarkana Court of Appeals did address the denial of a motion for judgment nunc pro tunc in 
Dickson v. State
, 988 S.W.2d 261 (Tex. App.—Texarkana 1998, pet. ref’d), but the opinion is wholly silent on the jurisdiction issue.  Furthermore, that same court subsequently issued 
Allen v. State
, in which it specifically addressed the jurisdiction issue and held that an order denying a motion for entry of judgment nunc pro tunc is not an appealable order.  20 S.W.3d at 164.  Therefore, nothing in Appellant’s response establishes grounds for continuing this appeal.

We do not have jurisdiction over Appellant’s appeal of the trial court’s denial of his 
motion for a nunc pro tunc order
.  
See Sanchez v. State
, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.)
;
 
Everett
, 82 S.W.3d at 735;
 Gavina v. State
, No. 2-00-264-CR (Tex. App.—Fort Worth Aug. 25, 2000, no pet.) (not designated for publication)
; 
Allen
, 20 S.W.3d at 164.  Accordingly, we deny Appellant’s “Motion to Invoke This Court’s Jurisdiction
” and dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 25.2(b), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON
, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  March 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.