COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                         NOS. 
2-05-011-CR
                                                   2-05-012-CR
  
  
MORRIS 
HERSHELL LUMPKIN                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Morris Hershell Lumpkin is attempting to appeal the trial court’s order 
denying his motion for a nunc pro tunc order. Because this denial is not an 
appealable order, we will dismiss the appeal for want of jurisdiction.
        Neither 
the United States nor Texas constitution guarantees the right to appeal state 
criminal convictions. McKane v. Durston, 153 U.S. 684, 687, 14 S. Ct. 
913, 915 (1894); Griffin v. State, 145 S.W.3d 645, 646 (Tex. Crim. App. 
2004). A defendant’s right to appeal is granted only by statute. Griffin, 
145 S.W.3d at 646. No statute vests this court with jurisdiction over an appeal 
from an order denying a request for judgment nunc pro tunc. See Everett v. 
State, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism’d).
        On 
January 20, 2005, we notified Appellant of our concern that we lacked 
jurisdiction over the appeal because a direct appeal is not the proper vehicle 
to attack an order denying a motion for judgment nunc pro tunc. See Gavina v. 
State, No. 2-00-264-CR (Tex. App.—Fort Worth Aug. 25, 2000, no pet.) (not 
designated for publication); Allen v. State, 20 S.W.3d 164, 165 (Tex. 
App.—Texarkana 2000, no pet.); . We informed Appellant that the appeal was 
subject to dismissal unless he or any party desiring to continue the appeal 
filed a response with this court showing grounds for continuing the appeal. See 
Tex. R. App. P. 43.2(f), 44.3.
        Appellant 
then filed his “Motion to Invoke This Court’s Jurisdiction,” responding 
that he was appealing under article V, section 5 of the Texas Constitution and 
rules 23.1 and 36.3(b) of the Texas Rules of Appellate Procedure. Article V of 
the Texas Constitution states that appeals of non-death penalty cases “shall 
be to the Courts of Appeal as prescribed by law.” Tex. Const. art. V, § 5(b). However, 
Texas has no law providing for an appeal from a denial of a request for judgment 
nunc pro tunc, see Everett, 82 S.W.3d at 735, and the appellate rules 
cited by Appellant do not address the issue of this court’s jurisdiction. 
Furthermore, nearly all the cases cited by Appellant in his response involve 
appeals from the trial court’s grant of a motion for judgment nunc pro tunc 
and therefore are inapposite here, where Appellant contests the trial court’s denial 
of his nunc pro tunc request. See Davis v. State, 897 S.W.2d 791 (Tex. 
Crim. App. 1995); Smith v. State, 15 S.W.3d 294 (Tex. App.—Dallas 2000, 
no pet.); Ex parte Curry, 712 S.W.2d 878 (Tex. App.—Austin 1986, no 
pet.) (citing Shaw v. State, 539 S.W.2d 887 (Tex. Crim. App. 1976)). The 
Texarkana Court of Appeals did address the denial of a motion for judgment nunc 
pro tunc in Dickson v. State, 988 S.W.2d 261 (Tex. App.—Texarkana 1998, 
pet. ref’d), but the opinion is wholly silent on the jurisdiction issue. 
Furthermore, that same court subsequently issued Allen v. State, in which 
it specifically addressed the jurisdiction issue and held that an order denying 
a motion for entry of judgment nunc pro tunc is not an appealable order. 20 
S.W.3d at 164. Therefore, nothing in Appellant’s response establishes grounds 
for continuing this appeal.
        We 
do not have jurisdiction over Appellant’s appeal of the trial court’s denial 
of his motion for a nunc pro tunc order. See Sanchez v. State, 112 S.W.3d 
311, 312 (Tex. App.—Corpus Christi 2003, no pet.); Everett, 82 S.W.3d 
at 735; Gavina v. State, No. 2-00-264-CR (Tex. App.—Fort Worth Aug. 25, 
2000, no pet.) (not designated for publication); Allen, 20 S.W.3d at 164. 
Accordingly, we deny Appellant’s “Motion to Invoke This Court’s 
Jurisdiction” and dismiss this appeal for want of jurisdiction. See Tex. R. App. P. 25.2(b), 43.2(f).
   
   
                                                                  PER 
CURIAM
  
  
PANEL 
D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.