In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-298 CR


____________________



JASON LEO FREE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 18435






MEMORANDUM OPINION


 On July 28, 2005, we informed the parties that our jurisdiction was not apparent
from the notice of appeal, and notified them that the appeal would be dismissed for want
of jurisdiction unless we received a response showing grounds for continuing the appeal. 
The appellant filed a response, but failed to demonstrate jurisdiction in that response.



 The notice of appeal seeks to appeal the denial of a "Defendant's Nunc Pro Tunc
Request to Correct Mistake of Judgment." (1) The trial court denial of this motion is not an
appealable order. See Allen v. State, 20 S.W.3d 164 (Tex. App.- Texarkana 2000, no pet.
[mand. denied]).

 Accordingly, we hold the order from which the appellant appeals is not appealable. 
This appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED FOR LACK OF JURISDICTION.


 ___________________________

 HOLLIS HORTON

 Justice


Opinion Delivered August 31, 2005 

Do Not Publish

Before Gaultney, Kreger and Horton, JJ.
1. The appellant asks this Court to consider his appeal as a petition for writ of
mandamus so that we may reach the merits of his complaint. Free contends the trial court
erred in entering a finding of the use of a deadly weapon in the commission of the offense. 
On appeal from the conviction, we held the evidence legally sufficient to sustain the
appellant's attempted capital murder conviction where the charge required the jury to find
that the appellant, by his own conduct, struck the victim "with a deadly weapon, to-wit:
a club." Free v. State, No. 09-96-054 CR, 1997 WL 324101 (Tex. App.- Beaumont, June
11, 1997, no pet.). Free fails to demonstrate his entitlement to mandamus relief.