In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00244-CR


______________________________




GARY W. LOWE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court Nos. 87-0277 & 87-0279




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Gary W. Lowe attempts to appeal from the trial court's denial of his motion for a judgment
nunc pro tunc to correct his jail-time credit.

 The right of appeal in a criminal case is a substantive right determined solely within the
province of the Legislature. Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005); see also
id. at 838 (Keller, P.J., dissenting) (discussing right to appeal is creature of statute, not right of
constitutional origin); Ex parte Spring, 586 S.W.2d 482, 485-86 (Tex. Crim. App. 1978). "A
defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Generally, a criminal defendant may appeal only
from a final judgment. See State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). "The
courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has
been expressly granted by law." Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991);
Ahmad v. State, 158 S.W.3d 525, 526 (Tex. App.--Fort Worth 2004, pet. ref'd).

 We do not have jurisdiction over an appeal from an order denying a request for judgment
nunc pro tunc to correct jail-time credit. Sanchez v. State, 112 S.W.3d 311, 311 (Tex. App.--Corpus
Christi 2003, no pet.); Everett v. State, 82 S.W.3d 735, 735 (Tex. App.--Waco 2002, pet. dism'd);
see State v. Ross, 953 S.W.2d 748, 751-52 (Tex. Crim. App. 1997); Allen v. State, 20 S.W.3d 164,
165 (Tex. App.--Texarkana 2000, no pet.).

 We dismiss for want of jurisdiction.


 Josh R. Morriss

 Chief Justice


Date Submitted: December 21, 2006

Date Decided: December 22, 2006


Do Not Publish



HTML>