

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00045-CR

**MICHAEL RICHARD EWING,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

From the 54th District Court
McLennan County, Texas
Trial Court No. 1999-524-C

## MEMORANDUM  OPINION

Michael Richard Ewing seeks to appeal the trial court's denial of his motion for a bench warrant which he filed nearly ten years after his conviction became final.  The Clerk of this Court advised the parties that the appeal is subject to dismissal for want of jurisdiction because it appears there has been no appealable order.  *See Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd).  The Clerk also notified the parties that the appeal may be dismissed unless a response was filed showing grounds for continuing the appeal.

Ewing responded with a Petition to Continue the Appeal. He first contends that this Court has jurisdiction because this Court has jurisdiction over appeals from the 54th District Court. We disagree. Although this Court does have jurisdiction over appeals from the 54th District Court, that jurisdiction extends only to appealable judgments and orders. A ruling on a motion for bench warrant is not an independently appealable order. *Cf. Hardin v. State*, 471 S.W.2d 60, 61-63 (Tex. Crim. App. 1971) (addressing denial of bench warrant in appeal from robbery conviction).

Ewing also contends that we have jurisdiction because the underlying conviction is "vulnerable to habeas corpus challenge." Ewing's conviction may or may not be subject to challenge by habeas, but his motion for a bench warrant is not a habeas application. *Cf. Ex parte Klem*, 269 S.W.3d 711, 712 (Tex. App.—Beaumont 2008, pet. ref'd) (appeal from denial of habeas application filed by defendant currently serving deferred adjudication community supervision).

This Court does not have jurisdiction to review an order in a criminal case unless that jurisdiction is expressly granted by the Texas Constitution or by statute. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); *Everett*, 82 S.W.3d at 735. No statute vests this Court with jurisdiction over an appeal from an order denying a motion for a bench warrant. Accordingly, the appeal is dismissed for want of jurisdiction. *See Everett*, 82 S.W.3d at 735.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Appeal dismissed
Opinion delivered and filed April 8, 2009
Do not publish
[CR25]