In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00083-CR

                                                ______________________________

 

 

                                   THOMAS EVERETT NIX,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 88-0275X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Thomas Everett
Nix has filed a notice of appeal from the trial court’s denial of his motion
for judgment nunc pro tunc.  

            The right to
appeal in a criminal case is a substantive right determined solely within the
province of the Legislature.  Lyon v.
State, 872 S.W.2d 732, 734 (Tex. Crim. App. 1994).  “A defendant in any criminal action has the
right of appeal under the rules hereinafter prescribed.”  Tex.
Code Crim. Proc. Ann. art. 44.02 (West 2006).  Generally, a criminal defendant may only
appeal from a final judgment.  See
State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990).  “The courts of appeals do not have
jurisdiction to review interlocutory orders unless that jurisdiction has been
expressly granted by law.”  Apolinar
v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); Ahmad v. State,
158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref’d).

            We do not
have jurisdiction over an appeal from an order denying a request for judgment
nunc pro tunc.  See generally State v. Ross,
953 S.W.2d 748, 751–52 (Tex. Crim. App. 1997); Sanchez v. State, 112 S.W.3d 311 (Tex.
App.—Corpus Christi 2003, no pet.); Everett v. State, 82 S.W.3d 735
(Tex. App.—Waco 2002, pet. dism’d); Allen v. State, 20 S.W.3d 164, 165
(Tex. App.—Texarkana 2000, no pet.).

            We
dismiss for want of jurisdiction.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          June
30, 2011  

Date Decided:             July
1, 2011

 

Do Not Publish           

 

 

 

 






/span>
was found to have committed the offense with a deadly weapon, and was sentenced
to thirty-five years’ imprisonment.[4]


            Arterberry’s
attorney on appeal has filed a brief that discusses the record and reviews the
proceedings in detail.  Counsel offers
seven possible appellate points and explains why those points would not be
successful.  We agree with counsel’s
research and interpretation of the record and applicable law.

            Due to the
seriousness of the offense, the juvenile court did not abuse its discretion in
waiving its jurisdiction and transferring the case to district court.[5]  The district court had jurisdiction pursuant
to an indictment which provided Arterberry sufficient notice of the charged
offense.  The record establishes Arterberry
pled guilty to a first degree felony offense knowingly and voluntarily,[6]
so it could not be said the trial court abused its discretion in finding Arterberry
guilty.  Arterberry signed a waiver of
his right to a jury, which was approved by the trial court, and signed a
stipulation of evidence.  The record does
not establish a genuinely arguable issue that Arterberry’s sentence was so
grossly disproportionate as to be cruel and unusual punishment under the Eighth
Amendment.  Finally, counsel points out
the record does not support a genuinely arguable issue that Arterberry received
ineffective assistance of counsel.[7]

            Counsel has
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738, 744 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. [Panel Op.] 1978). 
Additionally, this Court has reviewed the record and finds no reversible
error.  See Anders, 386 U.S. at
744; Bledsoe v. State, 178 S.W.3d
824, 826–27 (Tex. Crim. App. 2005).

            On March 2,
2011, counsel mailed a copy of the brief to Arterberry and informed him of his
right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Although this Court received a letter dated
March 19, 2011, in which Arterberry expressed a desire to file a pro se
response, Arterberry has filed neither a pro se response nor a motion for more
time in which to file such a response.

            Having found
no genuinely arguable issue for appellate review, we find the appeal to be
frivolous.  Consequently, we affirm the
judgment of the trial court.[8]

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief Justice

 

Date
Submitted:          May 16, 2011

Date
Decided:             May 24, 2011

 

Do Not Publish

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]See Tex.
Fam. Code Ann. § 54.02(a) (Vernon Supp. 2010).

 





[3]See Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2010); Tex. Penal Code Ann. § 29.03 (Vernon 2003).

 





[4]The
State agreed to permit the trial court to take into account an unadjudicated
offense of engaging in organized criminal behavior in determining sentence for
the charge of aggravated robbery with a deadly weapon.  See Tex. Penal Code Ann. § 12.45 (Vernon
2003).

 





[5]No
cases have been located that find an abuse of discretion in a certification of
a juvenile as an adult in any case in which the juvenile was charged with
aggravated robbery with a deadly weapon—a serious offense.

 





[6]Arterberry
entered an open plea of guilty before the trial court without a plea
agreement.  The plea was taken and the
punishment hearing was held as a unitary proceeding.  See
Saldana v. State, 150 S.W.3d 486, 489
(Tex. App.—Austin 2004, no pet.); see
also Barfield v. State, 63 S.W.3d 446, 450–51 (Tex. Crim. App. 2001).  After introduction of the punishment evidence
and the presentence investigation report, the State requested life
imprisonment.  Arterberry’s counsel
requested the trial court to place Arterberry on deferred adjudication
community supervision.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2010).  Because Arterberry was indicted for
aggravated robbery with a deadly weapon, he was eligible for “deferred
adjudication probation” but not “regular probation.”  Compare
Tex. Code Crim. Proc. Ann. art.
42.12, § 3g (Vernon Supp. 2010) with Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5.  After hearing closing arguments on
punishment, the trial court orally pronounced Arterberry guilty and sentenced
him to thirty-five years’ imprisonment.

 





[7]While
counsel did not call witnesses for Arterberry during punishment and there is
some indication that Arterberry had some supporters in favor of a reduced
sentence, nothing shows they would have been willing to testify on his behalf
or that such testimony might have had any effect on his sentence. 





[8]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.