NO. 07-11-0308-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 AUGUST 26, 2011

 ______________________________

 JOHANSON LEE WATSON, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

 NO. 9479; HONORABLE DAN MIKE BIRD, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
On August 23, 2011, this Court sua sponte transferred to this cause number the record from two previous mandamus proceedings brought by Appellant, Johanson Lee Watson. According to the limited record before this Court, on February 8, 1997, Appellant was indicted in trial court cause number 9479 for the offense of sexual assault of a child. That same date, he was also indicted in trial court cause number 9480 for the offense of burglary of a habitation. Pursuant to a plea bargain agreement with the State, Appellant agreed to plead guilty to the offense of sexual assault in exchange for the dismissal of the burglary of a habitation offense. 
At the sentencing hearing held on August 8, 1997, for the sexual assault conviction, the Honorable Tom Neely opened the proceedings by announcing "[t]his is Cause Number 9480, the State of Texas versus Johanson Lee Watson, also known as Johanson 'Joe-Boy' Watson." The hearing proceeded and the trial court ruled as follows:
the Court having found you guilty of the offense of sexual assault of a child [cause number 9479] as alleged in the indictment, having found the enhancement paragraph to be true, the Court assesses your punishment at 20 years in the Institutional Division of the Texas Department of Criminal Justice. 

A judgment reflecting that pronouncement of sentence was entered in cause number 9479 on August 8, 1997. Appellant did not appeal that conviction. The indictment in cause number 9480 was subsequently dismissed.
 On January 18, 2011, Relator filed a Motion for Leave for Judgment Nunc Pro Tunc in both trial court cause numbers, arguing that the oral pronouncement at the sentencing hearing in 1997 conflicted with the trial court's written judgment in cause number 9479. In April 2011, proceeding pro se and in forma pauperis, Appellant filed a mandamus proceeding in this Court in cause number 07-11-0177-CV, seeking to compel Respondent to rule on that motion. This Court requested a response from the trial court. In lieu of a response, on June 10, 2011, the trial court conducted a hearing on Appellant's motion. Following that hearing, the trial court denied the request for a judgment nunc pro tunc and entered a written order memorializing that ruling. Appellant's court-appointed counsel filed a notice of appeal from that ruling, bearing trial court cause number 9479, which notice gave rise to the instant appeal.
 A defendant in any criminal action has the right to appeal a conviction. Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). Article 44.02 has been construed as allowing an appeal only from a "final judgment" [of conviction]. See Abbot v. State, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008) (citing State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990)). Jurisdiction over other types of criminal cases is permitted only when "expressly granted by law." See Benford v. State, 994 S.W.2d 404, 409 (Tex.App.--Waco 1999, no pet.). We are unaware of any statute authorizing an appeal from the denial of a motion for judgment nunc pro tunc. Consequently, we hold that the order denying Appellant's "Motion for Leave for Judgment Nunc Pro Tunc" is not an appealable order. See Castor v. State, 205 S.W.3d 666, 667 (Tex.App.--Waco 2006, no pet.); Allen v. State, 20 S.W.3d 164, 165 (Tex.App.--Texarkana 2000, no pet.). Moreover, we find no justiciable controversy is presented by this proceeding and we dismiss this appeal for want of jurisdiction. 
 Patrick A. Pirtle
 Justice

Do not publish.