NO. 07-11-0308-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

AUGUST 26, 2011

 

______________________________

 

 

JOHANSON LEE WATSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 9479; HONORABLE DAN MIKE BIRD, JUDGE[1]

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

On August 23, 2011, this Court sua sponte transferred to this cause
number the record from two previous mandamus proceedings[2]
brought by Appellant, Johanson Lee Watson. 
According to the limited record before this Court, on February 8, 1997,
Appellant was indicted in trial court cause number 9479 for the offense of sexual
assault of a child.  That same date, he
was also indicted in trial court cause number 9480 for the offense of burglary
of a habitation.  Pursuant to a plea
bargain agreement with the State, Appellant agreed to plead guilty to the
offense of sexual assault in exchange for the dismissal of the burglary of a
habitation offense.  

At the sentencing hearing held on August 8, 1997, for the
sexual assault conviction, the Honorable Tom Neely opened the proceedings by
announcing "[t]his is Cause Number 9480, the State of Texas versus
Johanson Lee Watson, also known as Johanson 'Joe-Boy' Watson."  The hearing proceeded and the trial court
ruled as follows:

the Court having found you guilty of the offense of sexual
assault of a child [cause number 9479] as alleged in the indictment, having
found the enhancement paragraph to be true, the Court assesses your punishment
at 20 years in the Institutional
Division of the Texas Department of Criminal Justice. 

 

A judgment reflecting that pronouncement of
sentence was entered in cause number 9479 on August 8, 1997.  Appellant did not appeal that conviction.  The indictment in cause number 9480 was
subsequently dismissed.

            On January 18, 2011, Relator filed a Motion for Leave for Judgment Nunc Pro Tunc
in both trial court cause numbers, arguing that the oral pronouncement at the
sentencing hearing in 1997 conflicted with the trial court's written judgment
in cause number 9479.  In April 2011, proceeding pro se and in forma pauperis, Appellant filed a mandamus proceeding in this
Court in cause number 07-11-0177-CV, seeking to compel Respondent to rule on that
motion.  This Court requested a response
from the trial court.  In lieu of a
response, on June 10, 2011, the trial court conducted a hearing on Appellant's
motion.  Following that hearing, the
trial court denied the request for a judgment nunc pro tunc and entered a written order memorializing that ruling.  Appellant's court-appointed counsel filed a
notice of appeal from that ruling, bearing trial court cause number 9479, which
notice gave rise to the instant appeal.[3]

            A
defendant in any criminal action has the right to appeal a conviction.  Tex. Code Crim. Proc. Ann.
art. 44.02 (West 2006).  Article 44.02 has been construed as allowing
an appeal only from a "final judgment" [of conviction].  See
Abbot v. State, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008) (citing State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990)).  Jurisdiction over other types of criminal
cases is permitted only when "expressly granted by law."  See Benford v. State, 994 S.W.2d 404,
409 (Tex.App.--Waco 1999, no pet.).  We
are unaware of any statute authorizing an appeal from the denial of a motion
for judgment nunc pro tunc.  Consequently, we hold that the order denying Appellant's
"Motion for Leave for Judgment Nunc Pro Tunc" is not an appealable
order.  See Castor v. State, 205 S.W.3d 666, 667 (Tex.App.--Waco 2006, no
pet.); Allen v. State, 20 S.W.3d 164,
165 (Tex.App.--Texarkana 2000, no pet.). 
Moreover, we find no justiciable controversy is presented by this proceeding
and we dismiss this appeal for want of jurisdiction.  

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.











[1]Hon. Stuart Messer, sitting by assignment.  Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

 





[2]See In re Watson, No. 07-11-00157-CV,
2011 Tex. App. LEXIS 6493 (Tex.App.--Amarillo Aug. 15, 2011, orig. proceeding),
and In re Watson, No. 07-11-00177-CV, 2011 Tex. App. LEXIS
6482 (Tex.App.--Amarillo Aug. 15, 2011).





[3]Appointed counsel also filed a notice of
appeal from that ruling, bearing trial court cause number 9480, which notice
gave rise to the appeal in cause number 07-11-0309-CR.