# NO. 12-13-00083-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE D. BEASLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Appellant Willie Donnell Beasley attempts to appeal an order denying his motion for reformation of judgment, which we construe as a motion for judgment nunc pro tunc.

The denial of a motion for judgment nunc pro tunc is not an appealable order. *See Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.–Waco 2002, pet. dism'd). Accordingly, on March 20, 2013, this court notified Appellant, pursuant to Texas Rule of Appellate Procedure 37.2, that the information received in this appeal does not contain a final judgment or other appealable order. Appellant was further informed that the appeal would be dismissed if the information received in the appeal was not amended on or before April 19, 2013, to show the jurisdiction of this court.

On April 1, 2013, Appellant responded that he requested reformation of the judgment because his sentence is illegal and asserts that this court may always notice and correct an illegal sentence. To support his argument, he cites *Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App. 2003). In *Mizell*, the court of criminal appeals held that "[a] trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." *See id*. at 806. In this case, however, Appellant's sentence was imposed on April 8,

1999, and this court affirmed his conviction.  *See generally **Beasley v. State***, No. 12-99-00117-CR (Tex. App.–Tyler Jan. 31, 2000, pet. ref'd) (not designated for publication). Consequently, Appellant's conviction has been final for more than twelve years, and the court of criminal appeals has exclusive jurisdiction to grant the ultimate relief Appellant seeks.  *See* TEX. CODE CRIM. PROC. ANN. art. § 11.07 (West 2011); ***Ex parte Rich***, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (claim of illegal sentence cognizable on postconviction writ of habeas corpus).

In summary, Appellant has not shown that this court has jurisdiction of this appeal. Accordingly, the appeal is ***dismissed for want of jurisdiction***.  *See* TEX. R. APP. P. 37.2, 42.3.

Opinion delivered April 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 3, 2013**

**NO. 12-13-00083-CR**

**WILLIE D. BEASLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 173rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. A-9192)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*