**DISMISSED and Opinion Filed this August 15, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-13-00516-CR
No. 05-13-00517-CR

**DONALD GENE BLANTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 23078-86, 23592-86**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Donald Gene Blanton appeals from the trial court's denial of his motions for nunc pro tunc judgment entered in these cases. The trial court has filed a certification indicating appellant "is attempting to appeal [the trial court's] denial of a motion which is not a proper motion for judgment nunc pro tunc and not otherwise an appealable order." Without addressing the merits of the trial court's reasoning for denying appellant's motions, we dismiss these appeals for want of jurisdiction.

In its March 28, 2013 and April 1, 2013 orders, the trial court explained that appellant was attempting to obtain "a judicial determination regarding the validity or admissibility of prior convictions alleged for enhancement or offered in evidence at punishment." The trial court stated it could correct clerical errors but not those resulting from judicial reasoning and it

determined each of appellant's motions was "not a proper request for entry of judgment nunc pro tunc."[1]

An order denying a motion seeking nunc pro tunc relief is not appealable. See *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex .App.—Corpus Christi–Edinburg 2003, no pet.) (no jurisdiction to review order denying a request for judgment nunc pro tunc to correct jail time credit); *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. ref'd) (no jurisdiction over appeal from order denying judgment nunc pro tunc); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.) (an order denying judgment nunc pro tunc is not appealable, the court of appeals has no jurisdiction, and the correct way to attack it is with a mandamus proceeding). *See also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (holding court of appeal lacked jurisdiction to review appeal challenging trial court order denying defendant's motion seeking additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (dicta suggesting mandamus rather than appeal is the remedy if the trial court denies the State's motion for a nunc pro tunc order).

We dismiss the appeals for want of jurisdiction.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130516F.U05

---

[1] The record on appeal contains the motion for judgment nunc pro tunc in cause no. 05-13-00517-CR. In response to an order from this Court, the Kaufman County Clerk filed a supplemental clerk's record in cause no. 05-13-00516-CR purporting to contain appellant's motion for entry of judgment nunc pro tunc in that case but actually containing a duplicate copy of the motion in cause no. 05-13-00517-CR.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONALD GENE BLANTON, Appellant

No. 05-13-00516-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court, Kaufman County, Texas

Trial Court Cause No. 23078-86.

Opinion delivered by Justice Lang.

Justices Myers and Evans participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 15th day of August, 2013.

/Douglas S. Lang/

DOUGLAS S. LANG

JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONALD GENE BLANTON, Appellant

No. 05-13-00517-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court,
Kaufman County, Texas
Trial Court Cause No. 23592-86.
Opinion delivered by Justice Lang.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 15th day of August, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE