**Dismissed and Opinion Filed September 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01098-CR
### No. 05-14-01100-CR

**JOHN WESLEY PATTERSON III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-82554-05, 416-82555-05**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Lewis
Opinion by Justice Francis

John Wesley Patterson was convicted of multiple counts of aggravated sexual assault of a child, sexual assault of a child, and indecency with a child, as alleged in separate counts in two indictments. On direct appeal, this Court modified the trial court's judgments to correct inaccuracies, and affirmed as modified. We also remanded for punishment as to one of the counts included in trial court no. 416-82554-05 and ordered the trial court to enter new judgments reflecting the modifications set out in our judgments. *Patterson v. State*, Nos. 05-06-00808-CR, 05-06-00876-CR (Tex. App.—Dallas Nov. 29, 2007, no pet.) (not designated for publication).

On November 13, 2013, appellant filed a "motion for nunc pro tunc ruling." On March 10, 2014, appellant filed a "motion to vacate and dismiss and set aside a prior void

enhancement." On July 16, 2014, appellant filed a "motion requesting compliance with Texas motion ministerial duties," in which he appears to be seeking a ruling on his "motion for nunc pro tunc ruling." On July 29, 2014, the trial court, by written order, denied appellant's pro se motions. These appeals followed. We conclude we lack jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

An order denying a motion seeking nunc pro tunc relief is not appealable. *See Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (per curiam); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet.); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.). *See also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (appellate court lacked jurisdiction to review appeal order denying motion for additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (suggesting mandamus proper way to challenge denial of nunc pro tunc judgment).

Moreover, appellant's "motion to vacate and dismiss and set aside a prior void enhancement" is, in substance, a collateral attack on the prior felony conviction used to enhance appellant's sentences and thus the sentences themselves. However, the post-conviction habeas corpus procedure set out in the Texas Code of Criminal Procedure is the sole procedure by which

to collaterally attack final felony convictions, and this Court does not have jurisdiction over post-conviction habeas corpus proceedings involving final felony convictions. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2013).

Accordingly, we dismiss the appeals for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
141098F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHN WESLEY PATTERSON III,
Appellant

No. 05-14-01098-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82554-05.
Opinion delivered by Justice Francis,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered September 3, 2014



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHN WESLEY PATTERSON III,
Appellant

No. 05-14-01100-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82555-05.
Opinion delivered by Justice Francis,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered September 3, 2014