**Dismiss and Opinion Filed October 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01219-CR

**BILLY WAYNE WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F03-00824-W**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Francis and Myers
Opinion by Justice Myers

Billy Wayne Williams was convicted of aggravated assault with a deadly weapon and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *Williams v. State*, No. 05-05-00182-CR (Tex. App.—Dallas Oct. 31, 2005, no pet.) (not designated for publication). The Court now has before it appellant's "Notice of Appeal" from the "dismissal or denial" of his pro se motions to correct a void judgment and to recuse the presiding judge of the 363rd Judicial District Court from presiding over nunc pro tunc proceedings. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and

determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

In this case, there is no written order ruling on appellant's motions. Moreover, neither the denial of a motion to recuse nor the denial of a motion seeking nunc pro tunc relief is appealable. *See Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (per curiam); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet.); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.). *See also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (appellate court lacked jurisdiction to review appeal order denying motion for additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (suggesting mandamus proper way to challenge denial of nunc pro tunc judgment).

Moreover, appellant's pro se motion to correct a void judgment is, in substance, a collateral attack on his conviction. However, the post-conviction habeas corpus procedure set out in the Texas Code of Criminal Procedure is the sole procedure by which to collaterally attack final felony convictions, and this Court does not have jurisdiction over post-conviction habeas corpus proceedings involving final felony conviction. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2013).

We dismiss the appeal for want of jurisdiction.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
141219F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BILLY WAYNE WILLIAMS, Appellant

No. 05-14-01219-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F03-00824-W.
Opinion delivered by Justice Myers, Chief Justice Wright and Justice Francis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 13th day of October, 2014.