# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00576-CR

**Martin Aleman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22 JUDICIAL DISTRICT
### NO. CR2002-246, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2002, a jury convicted appellant Martin Aleman of the offense of aggravated robbery, and the district court sentenced him to sixty years' imprisonment. This Court affirmed the judgment of conviction on appeal.[1] Earlier this year, Aleman filed with the district court a pro se "motion for relief from judgment," which is in substance a motion for judgment nunc pro tunc, as it seeks to correct what Aleman claims are clerical errors in the judgment.[2] The district court denied the motion. Aleman has filed a notice of appeal from the district court's order.

In response, the State has filed a motion to dismiss the appeal, arguing that we lack jurisdiction to review the district court's order. We agree. "The standard for determining

---

[1] *See Aleman v. State*, No. 03-02-00651-CR, 2004 Tex. App. LEXIS 3162 (Tex. App.—Austin Apr. 8, 2004, no pet.).

[2] *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012).

jurisdiction is . . . whether the appeal is authorized by law."[3]  In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order."[4]  An order denying a judgment nunc pro tunc is not an appealable order.[5]  Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction.

 

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   October 29, 2014

Do Not Publish

---

[3] *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (citing Tex. Const. art. V, § 6(a)).

[4] Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. art. 44.02.

[5] *See Abbott*, 271 S.W.3d at 697; *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet.); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.); *see also Suarez v. State*, No. 03-14-00477-CR, 2014 Tex. App. LEXIS 10635, at *1 (Tex. App.—Austin Sept. 25, 2014, no pet. h.) (dismissing appeal in similar case).