**Dismissed; Opinion Filed August 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00550-CR

### TEMMIE GENE CROW, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 065451**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

Temmie Gene Crow was convicted of failure to register as a sex offender and assessed punishment, enhanced by two prior felony convictions, at eighteen years in prison and a $300 fine. The Court has before it appellant's notice of appeal from the denial of his pro se motion nunc pro tunc to correct "an error in the sentencing and judgment and indictment." We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if it is not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by

law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

In this case, the trial court denied appellant's motion for nunc pro tunc. Although appellant filed a timely notice of appeal, the denial of a motion seeking nunc pro tunc relief is not appealable. *See Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (per curiam); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet.); *Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet.). *See also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (appellate court lacked jurisdiction to review appeal order denying motion for additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (suggesting mandamus proper way to challenge denial of nunc pro tunc judgment).

We dismiss the appeal for want of jurisdiction.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190550F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEMMIE GENE CROW, Appellant

No. 05-19-00550-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 065451.
Opinion delivered by Justice Nowell, Justices Bridges and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 22nd day of August, 2019.