

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00103-CR

---

VICTOR MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. A-4582-16-02, Honorable Kregg Hukill, Presiding

---

April 21, 2023

## MEMORANDUM OPINION

Before QUINN, CJ, and DOSS and YARBROUGH, JJ.

Appellant, Victor Moreno, appearing pro se, appeals from the trial court's *Order on Defendant's Petition for Nunc Pro Tunc Order Seeking Deletion of Deadly Weapon Finding* and *Order on Defendant's Motion for Court Appointed Counsel*. We dismiss the purported appeal for want of jurisdiction.

In 2016, Appellant was convicted of aggravated assault with a deadly weapon[1] and sentenced to thirty years' imprisonment. He did not immediately appeal his conviction, but instead filed notices of appeal in April 2018 and April 2020. Those appeals were dismissed want of jurisdiction.[2] Appellant has since attempted several appeals from post-conviction orders which were also dismissed for want of jurisdiction.[3] In December 2022, Appellant filed a petition seeking a judgment nunc pro tunc to remove the deadly weapon finding and a motion for appointed counsel. The trial court denied the petition and motion in February 2023 and Appellant appealed.

We have jurisdiction to consider an appeal from a judgment of conviction or where appellate jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The orders denying Appellant's petition for a nunc pro tunc judgment and motion for court-appointed counsel are neither judgments of conviction nor orders from which an appeal is specifically authorized by law. *See Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd) ("No statute vests this Court with jurisdiction over an appeal from an order denying a request for judgment nunc

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2).

[2] *Moreno v. State*, Nos. 07-18-00123-CR, 07-18-00124-CR, 2018 Tex. App. LEXIS 2948, at *2 (Tex. App.—Amarillo Apr. 25, 2018, no pet.) (per curiam) (mem. op., not designated for publication); *Moreno v. State*, No. 07-20-00136-CR, 2020 Tex. App. LEXIS 5118, at *1 (Tex. App.—Amarillo July 10, 2020, no pet.) (per curiam) (mem. op., not designated for publication). We advised Appellant in both opinions that he could seek an out-of-time appeal by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals pursuant to article 11.07 of the Code of Criminal Procedure.

[3] *Moreno v. State*, No. 07-20-00239-CR, 2020 Tex. App. LEXIS 7486, at *2 (Tex. App.—Amarillo Sept. 15, 2020) (per curiam) (mem. op., not designated for publication) (appeal from order denying motion for appointed counsel); *Moreno v. State*, No. 07-21-00065-CR, 2021 Tex. App. LEXIS 3186, at *1–2 (Tex. App.—Amarillo Apr. 27, 2021, no pet.) (per curiam) (mem. op., not designated for publication) (appeal from *Order on Defendant's Motion to Reinstate Appeal*); *Moreno v. State*, Nos. 07-21-00269-CR, 07-21-00270-CR, 2021 Tex. App. LEXIS 9443, at *1 (Tex. App.—Amarillo Nov. 22, 2021, no pet.) (per curiam) (mem. op., not designated for publication) (appeal from orders denying motions for free copies of the record).

pro tunc."); *Cooper v. State*, No. 05-12-01738-CR, 2013 Tex. App. LEXIS 2089, at *2 (Tex. App.—Dallas Mar. 1, 2013, no pet.) (mem. op., not designated for publication).

By letter of March 27, 2023, we directed Appellant to show how we have jurisdiction over this appeal. Appellant has filed a response but has not demonstrated grounds for continuing the appeal.

Because the orders denying Appellant's petition for a judgment nunc pro tunc and motion for appointment of counsel are not appealable orders, we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.