**Opinion issued April 15, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00117-CR**

**NO. 01-14-00118-CR**

**NO. 01-14-00119-CR**

———————————

**ARTURO MEDINA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 9427214, 9427213, 9427947**

---

**MEMORANDUM OPINION**

Appellant, Arturo Medina, was convicted of three felony murders in three separate cases, trial court cause numbers 9427214, 9427213, and 9427947. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011). On November 6, 1997, we

reformed the trial court's judgments to delete the affirmative findings of a deadly weapon and affirmed the judgments as reformed. *See Medina v. State*, 962 S.W.2d 83, 88 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Our mandate issued in each case on June 8, 1998.

On September 30, 2013, Medina filed a "Motion for Nunc Pro Tunc" in the trial court, asking the trial court to notify prison officials that we reformed his judgments to delete the affirmative finding that a deadly weapon was used in each case. On the same day, he filed a "Request for Hearing Setting Date," a "Motion for Bench Warrant-Live Appearance or by Telephonic Means," and a "Motion for Appointment of Counsel During Nunc Pro Tunc Proceedings," requesting that the trial court set a hearing on his "Motion for Nunc Pro Tunc," that he be bench-warranted to the trial court for the hearing, and that counsel be appointed to represent him at the hearing. On November 11, 2013, Medina filed a "Second Request for Hearing Setting Date," which the trial court denied on November 26, 2013. On December 10, 2013, Medina filed a notice of appeal, with each trial court cause listed in the caption, stating that he is "appealing the 180th District Court's denial of his motion for hearing filed before the 180th District Court on November 26, 2013."

We lack jurisdiction over these attempted appeals. As an initial matter, an appellant generally may only appeal from a final judgment, and an "appeal does

not lie from an order denying a request for judgment nunc pro tunc." *Hunt v. State*, No. 03-04-00343-CR, 2004 WL 1896994, at *1 (Tex. App.—Austin Aug. 26, 2004, no pet.) (not designated for publication); *see State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal . . . has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd) ("No statute vests this Court with jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc."). Thus, Medina may not appeal from either an order denying his "Motion for Nunc Pro Tunc" or an order denying his motion requesting that the trial court set a hearing on his motion.

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230

S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). "Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 717. Because Medina's convictions became final on June 8, 1998, this is a final post-conviction felony proceeding, and we have no jurisdiction over these appeals. *See In re Havard*, No. 09-12-00217-CR, 2012 WL 1884168, at *1 (Tex. App.—Beaumont May 23, 2012, no pet.) (not designated for publication) (holding that "complaints concerning clerical errors in judgment that are final and non-appealable are required to be filed in the Court of Criminal Appeals"); *In re McAfee*, 53 S.W.3d at 717–18 (holding that petition for writ of mandamus complaining of action or inaction by trial court must be filed in Court of Criminal Appeals).

Accordingly, we dismiss the appeals. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).