Clerk
Court of Criminal Appeals of Texas
P.O.Box 12308 Capital Station
Austin, Texas 78711

45,285-05

September 11, 2015

Re: Relator's Original Application For Writ of Mandamus

Styled as: Ex Parte Van Watson, Jr.

Dear Clerk, Court of Criminal Appeals of Texas

Pursuant to Article 11.07 Section (C) of the Texas Code of Criminal Procedure. Relator invokes the Procedural Standards of review set forth in <u>Haines V. Kenner</u>, 92 S.Ct. 594 (1972).

Please file and bring to the Courts immediate attention so that it may consider and issue a ruling.

Thank you in advance for your Kind and prompt attention in this Matter.

Sincerely,

<u>Van Watson, Jr.</u>
Van Watson, Jr.
C.T. TERRELL Unit
1300 F.M. 655
Rosharon, TX 77583
#737494

ENCLOSURES: As Set out above.

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 14 2015
Abel Acosta, Clerk

This document contains some pages that are of poor quality at the time of imaging.

CAUSE NO. 699312 __ Primary Cause
CAUSE No. 692018 Initial Cause

VAN WATSON, JR. §  IN THE 180TH JUDICIAL
TDCJ-ID# 737444
    RELATOR

V.

CHRIS DANIEL COUNTY §  DISTRICT COURT OF
DISTRICT CLERK       HARRIS COUNTY, TEXAS

PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VAN WATSON, JR, Relator. Pro-se in the above styled and numbered causes and action invokes the Procedural Standards of Review set forth in Haines V. Kenner, 92 S. Ct. 594 (1972) holding, Pro Se Pleadings are to be construde librally and held to less stringent standards in a pleading drafted by a lawyer. Further if the Court can reasonably construe the pleadings to state a valid claim upon which a litigant could prevail, it should do so despite any failure to cite proper authority, confussion of legal theories or principals, poor construction or lack of form.

Relator files this Original Application For Writ Of Mandamus, Pursuant to Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

Van Watson, Jr. TDCJ # 737444 is an offender incarcerated

Page 1 of 7

in the Texas Department of Criminal Justice and is appearing pro-se and does not have a firm Knowledge of Law and authorities. I am housed at the C.T. TERRELL A-1-43 1300 FM 655 Rosharon, Texas 77583 Brazoria County Texas. TO THE COURT OF CRIMINAL APPEALS OF TEXAS. Appealing to this Honorable Court the urgency that it Order: CHRIS DANIEL DISTRICT CLERT OF HARRIS County as well as The 180th Judicial Court to transmit to the Court of Criminal Appeals of Texas Relators Application for writ of Habeas Courpus submitted by certified Mail C.M.R.R.R. # 7000 1530 0001 5498 4792 April 1, 2015 and that the 180th District Court address the Judicial Notice in which since Relator has spent more than One Hundred And Twenty days over the 20yr sentence in which Relator plead to without the Knowledge he was pleading to a case that had previously been disposed of under Cause #692018 with the State's Attorney Filing a Motion To Dismiss and the Court Granting the Motion to Dismiss ending a three month Trial. This is information that ~~Respondant~~ Relator with Received in his Appeal to the First Court of Appeals Motion Nunc Pro Tunc to Correct Judgment and Sentence (Designated Records On Appeal) In The Court of Appeals For The First District Of Texas NO. 01-14-00060-CR. I am requesting permission from this Court to further state facts that are verifiable by official Court Records

Page 2 of 7

It took a Writ Writter OFFender, to file a Motion to Receive time that was suppose to be awarded to Relator, for the State of Texas to finally address the Ininitial Indictment filed May 26, 1995 the alledaed re-indictment from a 2nd degree felony to a 1st degree felony without a presentment of True Bill Indictment from a Grand Jury. It is a fact that since 1998 starting with the purchase of documents that Relator has been challeging this conviction under Cause #699312 after a sentence Judgment had taken place in the very cause that Relator is and has served more than 20 years. And Due to duediligence now any court can go to the Inter-Net and veiw Relator's Disposed Writ of Habeas Corpus at the Texas State Law Library and it will show that Relator in 1999 and 2003 submitted Medical Records from The Texas Children Hospital that proved no wrong doing especially a rape of a 15 yr old female. the rape Kit performed 6 hours after the allegation. No Vaginal Bleeding, No Pain, Hymen InTact.

While Relator is awaiting for the transmittal of the Application for Writ of Habeas Corpus, The Memorandum and Appendix as well as all documents and papers. Relator ask this Court to take notice of the Judicial Notice please, as well as be advised May 6, 2015 Relator filed in this Court Applicant's Purposed Findigs Finds of Fact and Conclusion of Law and Order

Including his Exhibit's A-C

Please see documents Received in Court of Criminal Appeals May 11, 2015 by the Honorable Abel Acosta, Clerk and a letter dated May 18, 2015 to ~~Resbo~~ Relator making him aware that no Writ was filed in the Court after a search.

In closing I am requesting to put squarely before this Court. <u>Certified receipt of Writ of Habeas Corpus</u>

1. Memorandum Opinion and Judgment rendered April 10, 2014 that will show I was not convicted of a Aggravated Sexaual Assault of Child With a deadly weapon;

2. Affidavit Joline Hart, Deputy Court Clerk that states under Oath Cause #692018 was lost from 1995 until December 27, 2013

3. A legal notice part of Courts Records received from designated records on appeal where ~~resbon~~ relator purchased the only documents that the Clerk would release under Cause # 699312 (13 documents) out of 308 documents.

4. Receipt for Purchase of Disposed Writs

5. Certified letter to former attorney that represented Relator under Cause #692018, without a Order and Continued to represent Relator under Cause # 699312 without informing Relator the dismissal of Cause # 692018 Atty Ron Hayes
P.O. Box 801525 Houston, Texas 77280-1525

C.M.R.R.R. # 7007 0220 0004 2538 4130
Attorney Ron Hayes Aswer to the Court in January 20, 2000 never mentioning the Initial Indictment working for the State.

6. The transcript with the alledged victim testifying page 10 Records from Desposed Writ under Cause #699312

7. Medical Records mr#8015249 Texas Children Hospitel

8. Stamp of Clerk Receiving: Applicants Findings of Fact and conclusion of Law and Order, Including Relators Exhibit's A-C. Court of Criminal Appeals of Texas

9. Letter dated May 18, 2015
   Court of Criminal Appeals of Texas

10. Relator Contacted by U.S. Mail 8-17-15 in a Judicial Inquiry to the Honorable Marc Brown of the 180th District Court as to why no. Summittal of the Writ and all documents to the Court of Appeals (No Reply as of this day)
    *Postal Return Card (4-1-15) C.M.R.R.R. 7000 1530 0001 8498 4792

## Prayer

Relator prays that this Honorable Court excuse the fact that relator is not a student of Law. But due to the fact the District Court as well as District Clerk are not upholding the Law. That this Court please review the documents that Relator is submitting as well as order the Clerk and 180th District Court acknowledge the Judicial Notice April 1, 2015. Relator asked this Court in prayer to be reminded that Relator is not trying to get out of prison on a Tech. Relator according to medical records and official Court Records show that Relator should have never spent one day

Page 5 of 7

in prison due to <u>no</u> mistake but the covering up this wrongful conviction the entire 20 years that has been exposed by designated records on appeal as well as Disposed Writs on file at the Texas State Law Library. This has been a trying 20 years and a learning experience and deliverance from addictions to drugs and acohol. Please consider every matter in ~~this~~ these documents as well as the documents being submitted under the Standards of Review set forth in <u>Haines v. Kenner</u> and take notice Relator has brough forth a valid claim upon which a ~~tig~~ litigant can prevail with Official Court documents to support the Claim. And please end this on going miscarriage of Justice Right here and now that Relator does not have to go to the Federal Courts.

Respectfully Submitted

Van Watson, Jr.
Van Watson, Jr.
C.T. TERRELL (R3) A-1-43
1300 F.M. 655
Rosharon, Texas 72583

<u>UNSWORN DECLARATION</u>

I, Van Watson, Jr. TDCJ, CID #737444 an Inmate Incarcerated at the C.T. TERRELL (R3) Unit located in Brazoria County Texas declare and verify that the contents herein are true and correct under penalty of perjury

Page 6 of ~~6~~ 7

Done on this the 11th day of September 2015

Van Watson
Van Watson, Jr. Affiant/Relator
C.T. TERRELL (R3) A1-43
1300 F.M. 655
Rosharon, Texas 77583
TDCJ # 737444

No (1)

Official Court Record
In The
Court of Appeals
For The
First District of Texas
No. 01-14-00060-CR

3 Pages

Complaint Cause # 692018
Initial Indictment # 692018     Take Note
Primary Indictment # 699312
Motion To Dismiss # 692018
Motion To Adopt # 699312
Prior motions



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00060-CR

———————————

## VAN WATSON, JR., Appellant

### V.

## THE STATE OF TEXAS, Appellee

———————————————————————————————

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 699312

———————————————————————————————

## MEMORANDUM OPINION

Appellant, Van Watson, Jr., pleaded guilty to the felony offense of aggravated sexual assault of a child and the trial court sentenced appellant to thirty years' confinement. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013); *see also In re Watson*, No. 01-11-00626-CR, 2011 WL 3820953, at *1 (Tex. App.—



Houston [1st Dist.] Aug. 25, 2011, orig. proceeding) (mem. op., not designated for publication) (noting that appellant was convicted of felony offense of sexual assault of a child). Appellant later filed a "motion for nunc pro tunc to correct judgment and sentence." The trial court denied the motion and appellant now attempts to appeal from the trial court's order denying his motion for judgment nunc pro tunc. We dismiss the appeal.

The denial of a motion for judgment nunc pro tunc is not an appealable order. *See Lozano v. State*, No. 01-13-00180-CR, 2013 WL 2106570, at *1 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet.) (mem. op., not designated for publication); *Zelaya v. State*, Nos. 01-11-00977-CR, 01-11-00978-CR, 01-11-00979-CR, 2013 WL 127439, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, no pet.) (mem. op., not designated for publication); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

### PER CURIAM

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).



2



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-14-00060-CR

VAN WATSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 180th District Court of Harris County. (Tr. Ct. No. 699312).

The cause heard today by the Court is an appeal from the judgment signed by the court below on November 26, 2013. After inspecting the record of the court below, it is the opinion of this Court that it has no jurisdiction over the appeal. It is therefore **CONSIDERED, ADJUDGED, and ORDERED** that the appeal be dismissed.

The Court **orders** that this decision be certified below for observance.

Judgment rendered April 10, 2014.

Per curiam opinion delivered by panel consisting of Justices Jennings, Higley, and Sharp.



THE STATE OF TEXAS
VS.
VAN WATSON, JR.
6255 W. AIRPORT #10D
HOUSTON, TX

NCIC CODE: 1100 90
FELONY CHARGE:
  SEXUAL ASSAULT - CHILD
CAUSE NO: __692018__
HARRIS COUNTY
DISTRICT COURT NO: __180__

D.A. LOG NUMBER: **186983**
CJIS TRACKING NO.:

SPN: __00932568__
DOB: BM 11-24-52
DATE PREPARED: 4/21/95

RELATED CASES:

BY: DJB    DA NO: 595
AGENCY: HPD
O/R NO: 40482195
ARREST DATE: TO BE

BAIL: $ 20,000
PRIOR CAUSE NO:

---

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **VAN WATSON, JR.** , hereafter styled the Defendant, on or about **APRIL 12, 1995**, did then and there unlawfully intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of VANNETTA MCGHIE, hereinafter called the Complainant, a person younger than seventeen years of age and not his spouse by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant.

It is further presented that at the time the Defendant committed the felony offense of SEXUAL ASSAULT OF A CHILD on or about APRIL 12, 1995, as hereinabove alleged, he used and exhibited a deadly weapon, namely, a FIREARM during the commission of and during the immediate flight therefrom.

### PROBABLE CAUSE

AFFIANT K.D. CLARK IS A CREDIBLE AND RELIABLE PERSON WHO IS EMPLOYED AS A PEACE OFFICER WITH THE HOUSTON POLICE DEPARTMENT, JUVENILE SEX CRIMES UNIT. AFFIANT BELIEVES AND HAS REASON TO BELIEVE THAT THE DEFENDENT, VAN WATSON, COMMITTED THE OFFENSE OF AGGRAVATED SEXUAL ASSAULT (CHILD) ON OR ABOUT APRIL 12, 1995 AT 6255 WEST AIRPORT APT 10D IN THE CITY OF HOUSTON, HARRIS COUNTY, TEXAS. AFFIANT INTERVIEWED THE COMPLAINANT, VANNETTA MCGHIE, A 15 YEAR OLD CHILD AND TOOK A SWORN STATEMENT FROM HER ON APRIL 13, 1995. THE COMPLAINANT IS BELIEVED TO BE A CREDIBLE AND RELIABLE PERSON WHO KNOWS THE DIFFERENCE BETWEEN TELLING THE TRUTH AND TELLING A LIE, AND KNOWS THE DEFENDENT, VAN WATSON, BY NAME, BY SIGHT AND AS HER FATHER. THE COMPLAINANT STATED TO OFFICER CLARK THAT ON THE MORNING OF APRIL 12, 1995, THE DEFENDENT WOKE HER UP TO IRON SOME CLOTHES AND THEN PULLED OUT A PISTOL AND TOLD HER TO TAKE HER CLOTHES OFF. THE DEFENDENT FURTHER PUT THE GUN TO THE HEAD OF THE COMPLAINANT AND STATED HE WOULD KILL HER IF SHE REFUSED, THEREBY PLACING THE COMPLAINANT IN FEAR OF HER LIFE. THE COMPLAINANT STATED THE DEFENDENT THEN INSERTED HIS PENIS INTO HER VAGINA.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on April 21, 1995.

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS

95 APR 24 PM 1: 55

BY_____
        DEPUTY

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

**COMPLAINT**

10

THE STATE OF TEXAS
VS.
VAN   WATSON, JR.
6255 W. AIRPORT #10D
HOUSTON, TX

NCIC CODE: 1100 90
FELONY CHARGE:
    SEXUAL ASSAULT - CHILD
CAUSE NO:   692018
HARRIS COUNTY
DISTRICT COURT NO: __180__

D.A. LOG NUMBER: **186983**
CJIS TRACKING NO.:

SPN: _____
DOB: BM 11-24-52
DATE PREPARED: 4/21/95

RELATED CASES:

BY: DJB     DA NO: 595
AGENCY:  HPD
O/R NO: 40482195
ARREST DATE: TO BE

BAIL: $ 20,000
PRIOR CAUSE NO:

178th Vol 174 Page 216 AXGM
GJ

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **VAN WATSON, JR.**, hereafter styled the Defendant, on or about **APRIL 12, 1995**, did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of VANNETTA MCGHIE, hereinafter called the Complainant, a person younger than seventeen years of age and not his spouse by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant.

It is further presented that at the time the Defendant committed the felony offense of SEXUAL ASSAULT OF A CHILD on or about APRIL 12, 1995, as hereinabove alleged, he used and exhibited a deadly weapon, namely, a FIREARM during the commission of and during the immediate flight therefrom.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN          178TH

_____
FOREMAN OF THE GRAND JURY

19

**INDICTMENT**

*Exhibit - Beg-B*

THE STATE OF TEXAS
VS.

VAN WATSON, JR.
6255 W. AIRPORT #10D
HOUSTON, TX  77035

D.A. LOG NUMBER: 198576
CJIS TRACKING NO.:

SPN: 00932568   (999)
DOB: 11-24-52
DATE PREPARED: 06-12-95

BY: GAW   DA NO: 609
AGENCY:HPD
O/R NO: 40482195
ARREST DATE: TO BE

NCIC CODE: 1115 34          RELATED CASES:

FELONY CHARGE:
Agg SEXUAL ASSAULT - CHILD /DW      178th
CAUSE NO: 699312                    GJ                    30,000

                                                          BAIL: $20,000
                                                          PRIOR CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO: 180TH          692018    Vol 195 Page 318 AXGN
FIRST SETTING DATE:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, i
in Harris County, Texas, **VAN WATSON, JR.**, hereafter styled the Defendant, on or about **APRIL 12, 1995,**
then and there unlawfully, intentionally and knowingly cause the penetration of the female sexual organ of Vann
McGhie, hereinafter called the Complainant a person younger than seventeen years of age and not his spouse
placing his sexual organ in the female sexual organ of the Complainant, and in the course of the same crim
episode the Defendant used and exhibited a deadly weapon, namely, a firearm.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**          FOREMAN          178TH

_____
FOREMAN OF THE GRAND JURY

**INDICTMENT**

FILED
CHARLES
DISTR
HARRI

95 JUL 26 AM II: 39

BY: M. Thomas
DEPUTY

9

Qm/04/999

OFFENSE: Sex Assault/Child   CAUSE NO. 692018
COUNT NO._____

THE STATE OF TEXAS                          IN THE ____180____ DISTRICT COURT

VS.                                                    OF

Watson, Ju Van                          HARRIS COUNTY, TEXAS

MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☐ The Defendant was convicted in another case or count.
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☑ Case refiled.
- ☐ Other.

EXPLANATION:

refiled from 2nd degree to 1st degree, new cause # 699312

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

FILED
CHARLES BACARISSE
District Clerk

JUL 27 1995

Time:_____
Harris County, Texas

By _____
Deputy

Respectfully submitted,

_____
Assistant District Attorney
Harris County, Texas

ORDER

The foregoing motion having been presented to me on this the 27 day of July, A.D. 19 95, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE
180
_____ DISTRICT COURT
HARRIS COUNTY, TEXAS

DA FORM 10875        Original- White:    State's Copy - Pink:    Sheriff's Copy - Yellow

85

5-12-15    8

NO. 699312

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | HARRIS COUNTY, T E X A S |
| VAN WATSON, JR. | 180TH JUDICIAL DISTRICT |

### MOTION TO ADOPT PRIOR MOTIONS *+ TRANSFER MOTIONS AND RECORDS*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VAN WATSON, JR., Defendant in the above entitled and numbered cause by and through his Attorney of Record, RONALD N. HAYES, and moves that this Court allow him to adopt any and all motions filed previously in said cause, whether the motions be: pro se motions, motions filed by an attorney representing the Defendant prior to Mr. Hayes becoming attorney of record for Defendant; motions filed under different cause numbers which were subsequently reindicted by the State under the present cause number; motions filed by any co-defendant in a different cause number arising out of the same alleged offense; and to allow the Defendant to treat any records of any type whatsoever filed as business/medical records under Cause # 692018 as a part of the case file under Cause # 699312 as if such records had been filed originally under said Cause # 699312, *and to transfer such motions + records to Cause No. 699312.*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant this motion and allow the Defendant to adopt the above mentioned motions and records and that they be considered a part of the record in the above entitled and numbered cause.

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

317

Respectfully submitted,

RONALD N. HAYES
Attorney for Defendant
405 Main, Suite 430
Houston, Texas 77002
(713) 237-0034
TBA# 09280000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been mailed to the District Attorney of Harris County at 201 Fannin, Houston, Texas 77002, on _____.

RON HAYES

13/999/82

## O R D E R

BE IT REMEMBERED that the foregoing motion was presented to the court on this 20th day of _August_, 1995, and it is, therefore ORDERED that the motion is hereby GRANTED/DENIED.

JUDGE PRESIDING

318

No (2) & (3)

Affidavit

Joline Hart, Deputy Clerk

Relators Legal Notice

3 Pages

CAUSE NO. 699312

| STATE OF TEXAS | § | IN THE 180TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| VAN WATSON | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT

**BEFORE ME,** the undersigned authority personally appeared JOLINE K. HART, who being duly sworn deposed as follows.

My name is JOLINE K. HART. I am a Deputy District Clerk employee assigned as a Deputy Court Clerk of the Criminal Courts Division for the District Clerk's office.

In the above referenced case, failure to forward the clerk's record to the Court of Appeals timely was because of THE ORIGINAL DOCUMENT COULDN'T BE LOCATED UNTIL 12/27/13. The record is being forwarded to the Court of Appeals on this the 27TH day of December, 2013.

JOLINE HART, Deputy Court Clerk

SWORN TO AND SUBSCRIBED before me on the 27TH day of December, 2013.

CHRISTINE BALDWIN,
Supervisor
Criminal Bureau

599

CAUSE NO. 699312

TO: HARRIS COUNTY DISTRICT CLERK
ATTEN: MR. KEN HEUITT
FROM: MR. VAN WATSON, JR.
DATE: 6-2-98
REASON: TRIAL RECORDS

GREETINGS:

LEGAL NOTICE

DEAR SIR,

I am in receipt of your most recent letter dated the 2nd Day of April 1998. Your letter discussed various aspects of legal documents in connection with the above cause. Now in order to prevent any misunderstanding or any miscommunication before I purchase any legal documents from your office I will set-out the list of documents and pages verbatim how it was presented in your letter as follows:

1.) Indictment                1      (No. of Pages)
2.) Admonishments             5
3.) Plea Of Guilty            2
4.) Sanity Evaluation         3
5.) Competency Evaluation     2
6.) Entire Case file          308

Please take notice that specifically you alleged (13) thirteen pages out of the (308) three hundred and eight pages which means there are (295) two-hundred and ninty-five pages in which I have no idea what they consist of since you advised me that there is no statement of facts prepared. It is my request before I purchase any documents that you specifically informed me of the names of each and every document connected with the (295) two-hundred and ninty-five pages therein my case file. For whereas it is my desire to obtain a certified single copy of each and every page there in my case file. Please be advised after these conditions have been made plain and clear and agreed upon by both you and I, I sware and depose that I will purchase all documents that I am in need of. Be it known that I am prepared to pay an advance payment and I also understand that your office only accepts special checks as alleged in your most recent letter.

Now therefore please conduct a good investigation on the facts herein and be so kind to respond to this letter promptly. However if you have any questions or any other problem concerning this matter. Please contact me at the address below.

FILED
CHARLES BAGARISSE
DISTRICT CLERK
KARNES COUNTY TEXAS
FILED ON: 6-9-98

98 JUN 16 AM 8:07
BY _____
DEPUTY

Respectfully Submitted

_____
DEFENDANT SIGNATURE

HC 67 P.O. Box 115
ADDRESS
Kenedy Texas 78119
CITY        STATE        ZIP

336    106

No (4) Disposed Writs
Receipt & Index Pages
Texas State Law Library

3 pages



# Texas State Law Library

PO Box 12367
Austin, Texas 78711-2367
Phone 512-463-1722 Fax 512-463-1728

# Invoice #22744

Created by ICS, 07/01/2013

| Account# | 4039 |
| **Name** | Watson, Jr, Van - #737444 |
| **Contact** | |
| **Address** | Terrell Unit (027)<br>1300 FM 655<br>Rosharon, TX 77583 |

| Phone | |
| **Fax** | |
| **Email** | |

| Services | Unit Price | Quantity | Price |
|---|---|---|---|
| Service Charges | $0.00 | 1 | $5.00 |
| Photocopies - Document Delivery | $0.25 | 269 | $67.25 |

**Payment details**

| Date | Rec. By | Method | Auth ID/ Check # | Amount |
|---|---|---|---|---|
| 07/01/2013 | ICS | Check | 556284 | $77.80 |

Subtotal $72.25
Tax $5.55
Total $77.80



**Notes:**
Payment for Estimate# 2740, copies are being sent to Texas thus sales tax is charged



**STATE LAW LIBRARY**
**P.O. BOX 12367**
**AUSTIN, TEXAS 78711-2367**

To: Van Watson, Jr #737444
From: Inmate Copy Service Staff
Re: Cost of your request (#5069) for copies received March 11, 2013

Estimate #2740 dated March 25, 2013

| Document Requested | # of Pages | Cost | Check to order |
|---|---|---|---|
| **Court of Criminal Appeals** | | | |
| WR-45,285-01_1852687 | | | |
| •Action Taken | 1 Pages | $0.25 | ☐ |
| •Clerk's Summary Sheet | 1 Pages | $0.25 | ☐ |
| •Cover Sheet | 1 Pages | $0.25 | ☐ |
| •Index | 1 Pages | $0.25 | ☐ |
| •Caption | 1 Pages | $0.25 | ☐ |
| •Application for Writ of Habeas Corpus & Cover Letter | 62 Pages | $15.50 | ☐ |
| •Acknowledgments of Receipt | 2 Pages | $0.50 | ☐ |
| •State's Original Answer & Cover Letter | 19 Pages | $4.75 | ☐ |
| •State's Proposed Order Designating Issues and for Filing an Affidavit & Cover Letters | 5 Pages | $1.25 | ☐ |
| •Inquiry Letter from Applicant & Response | 2 Pages | $0.50 | ☐ |
| •Applicant's Motion for Court to Compel Counsel to File Affidavit & Cover Letter | 3 Pages | $0.75 | ☐ |
| •Acknowledgment of Receipt | 1 Pages | $0.25 | ☐ |
| •Answer of Ronald Hayes to Writ of Habeas Corpus & Cover Letters | 8 Pages | $2.00 | ☐ |
| •State's Proposed Findings of Fact and Order & Cover Letter | 3 Pages | $0.75 | ☐ |
| •Plea, Admonishments, & Waivers | 7 Pages | $1.75 | ☐ |
| •Docket | 2 Pages | $0.50 | ☐ |
| •Indictment | 1 Pages | $0.25 | ☐ |
| •Judgment & Sentence | 2 Pages | $0.50 | ☐ |
| •Clerk's Certificate | 1 Pages | $0.25 | ☐ |
| **Court of Criminal Appeals** | | | |
| WR-45,285-02_1890397 | | | |
| •Action Taken | 1 Pages | $0.25 | ☐ |
| •Clerk's Summary Sheet | 1 Pages | $0.25 | ☐ |
| •Cover Sheet | 1 Pages | $0.25 | ☐ |
| •Index | 1 Pages | $0.25 | ☐ |
| •Caption | 1 Pages | $0.25 | ☐ |
| •Application for Writ of Habeas Corpus | 13 Pages | $3.25 | ☐ |
| •Acknowledgments of Receipt | 2 Pages | $0.50 | ☐ |
| •State's Original Answer & Cover Letter | 6 Pages | $1.50 | ☐ |
| •State's Proposed Findings of Fact and Order & Cover Letter | 4 Pages | $1.00 | ☐ |
| •Plea, Admonishments & Waivers | 7 Pages | $1.75 | ☐ |
| •Docket | 2 Pages | $0.50 | ☐ |

Van Watson, Jr               Estimate #2740—25 Mar 2013               $77.80

65

| | | | |
|---|---|---|---|
| •Indictment | 1 Pages | $0.25 | ☐ |
| •Judgment & Sentence | 2 Pages | $0.50 | ☐ |
| •Clerk's Certificate | 1 Pages | $0.25 | ☐ |
| •Applicant's Objections to Respondent's Proposed Findings of Fact and Order | 3 Pages | $0.75 | ☐ |

**Court of Criminal Appeals**

| WR-45,285-03_1920515 | | | |
|---|---|---|---|
| •Action Taken | 1 Pages | $0.25 | ☐ |
| •Clerk's Summary Sheet | 1 Pages | $0.25 | ☐ |
| •Cover Sheet | 1 Pages | $0.25 | ☐ |
| •Index | 1 Pages | $0.25 | ☐ |
| •Caption | 1 Pages | $0.25 | ☐ |
| •Application for Writ of Habeas Corpus | 53 Pages | $13.25 | ☐ |
| •Acknowledgment Letters | 2 Pages | $0.50 | ☐ |
| •State's Original Answer & Cover Letter | 4 Pages | $1.00 | ☐ |
| •State's Proposed Findings of Fact and Order & Cover Letter | 4 Pages | $1.00 | ☐ |
| •Plea, Admonishments & Waivers | 7 Pages | $1.75 | ☐ |
| •Docket | 2 Pages | $0.50 | ☐ |
| •Indictment | 1 Pages | $0.25 | ☐ |
| •Judgment & Sentence | 2 Pages | $0.50 | ☐ |
| •Clerk's Certificate | 1 Pages | $0.25 | ☐ |

**Court of Criminal Appeals**

| WR-45,285-03_1921676 | | | |
|---|---|---|---|
| •Supplemental Memorandum of Law | 7 Pages | $1.75 | ☐ |

**Court of Criminal Appeals**

| WR-45,285-03_1922069 | | | |
|---|---|---|---|
| •Motion in Opposition to the State's Answer | 6 Pages | $1.50 | ☐ |

**Court of Criminal Appeals**

| WR-45,285-04_2463023 | | | |
|---|---|---|---|
| •Action Taken | 1 Pages | $0.25 | ☐ |
| •Writ of Mandamus | 5 Pages | $1.25 | ☐ |

| | |
|---|---|
| Total pages: | 269 |
| Total cost: | $67.25 |
| Tax (8.25%): | $5.55 |
| Service Charge: | $5.00 |
| **ORDER TOTAL:** | **$77.80** |

No (5)
Certified Letter to Attorney
Ron Hayes
C.M.R.R.R. #7002 0220 0004 2538 4130

2 pages
Attorney Ron Hayes Answer to the
Court in 2000
5 pages

Mr. Ronald N. Hayes, Attorney
P.O. Box 801525
Houston, Tx. 77280-1525

C.M.R.R.R. # 7007 0220 0004 2538 4130

March 11, 2013

Re: Your "Attorney's Answer to Post-Conviction Writ of Habeas
Corpus Filed By Van Watson Jr."
Trial Court Number 699312-A
180th District Court, Harris County, Texas

Styled: EX PARTE VAN WATSON JR.

Dear Mr. Hayes:

In light of Ex Parte Moussazadeh, 361 S.W. 3d 684 (Tex. Crim.
App. 2012); Lafler v. Cooper, 132 S.Ct. 1376 (2012) and your
above "Answer" would you be willing to either amend or
supplement that answer.

I would bring your attention to your "Answer" in which you
stated: 2: There was no promise made to the Defendant in
connection with his plea of guilty other than that the Court
could consider a deferred adjudication and all the way up to
the maximum range of punishment which, if my recollection of
a cap on punishment is correct, would have been then 30 years
in the Texas Department of Criminal Justice" Answer at p. 3 ¶ 2

"Answer", in which you stated: 3: Although I would not have
had' a copy in my file, it is my recollection that we filed
a written motion for community service and that, of course,
the Court denied that motion in sentencing Mr. Watson to the
30 year sentence Answer at p. 3 ¶ 4

"Answer", in which you stated: 4: I was not aware of any
evidence, including the medical records the complainant mentions
which would verify that no sexual act occurred between Mr. Watson
and his 15-year old daughter. I certainly saw no medical
examination report that in any way indicated that there had
been no sexual assault of the complainant. Answer at p.3-4 ¶
4

Mr. Hayes. I do not know if you had the opportunity to review
the entire Application for Writ of Habeas Corpus that was filed
and that you answered to. Had you reviewed the entire
Application, you would have noticed certain records from the
"Texas Childrens Hospital" under Medical Records # 8015249
that would have shown that the Hyman was intact and that there
was no sperm or trich found on the "Wet Mount", that a rape
kit was done, any of which would have shown that no assault

7007 0220 0004 2538 4130, page 1 of 2

took place.

Mr. Hayes. a copy of the "Disposed Application for Writ of Habeas Corpus" may be located at the Texas State Law Library Archives for your information and review.

In overruling **Ex Parte Evans**, 690 S.W. 2d 274 (Tex. Crim. App. App. 1985) the Court of Criminal Appeals created a new rule of constitutional law that quite possibly would affect my Application for Writ of Habeas Corpus, especially when you consider your "Answer" and the appearance of a deferred adjudication for Thirty years.

I have searched through the Clerks Record and cannot locate any motion for community supervision in my case.

Mr. Hayes. I have almost completed my sentence when you stop to consider that there wasn't any deadly weapon entered into evidence because no weapon existed.

You may access the Texas State Law Library Archives through the internet and review the entire Application for Writ of Habeas Corpus as well as the accompanying Exhibit's to insure that the medical report was included at that time.

In conclusion, I could not reasonably say that I committed the offense at the time I plead out and that application would help support that claim.

I am merely asking you to review the records, the case law and assist me if warranted.

I may be reached at the address below for your response.

Thank you in advance for your kind and prompt attention in this matter.

Sincerely,

Van Watson Jr., Defendant/Requester
C.T. Terrell Unit, 737444
1300 FM 655
Rosharon, Tx. 77583

7007 0220 0004 2538 4130, page 2 of 2, Mr. Ronald N. Hayes.

Scanned Oct 20, 2011



Law Office Of
# Ronald N. Hayes and Associates
A Professional Corporation

405 Main, Suite ~~430~~ 303
Houston, Texas 77002

January 20, 2000

(713) 237-0034
(713) 524-7670
Fax (713) 939-0679

Charles Bacarisse
Harris County District Clerk
301 San Jacinto
P.O. Box 4651
Houston, Texas 77210-4651

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

Re:    Van Watson, Jr.
       Cause No. 699312-A
       180th District Court
       Post-Conviction Writ of Habeas Corpus

Dear Sir:

Enclosed please find an original and one copy of the Attorney's Answer to Post-Conviction Writ of Habeas Corpus Filed by Van Watson, Jr. By copy of this letter I am forwarding a copy to the Harris County District Attorney's office, Post-Conviction Writ Department and to Mr. Van Watson, Jr.

Sincerely yours,

Ron Hayes

RH/js

Encl.

cc:    Harris County Post-Conviction Writ Department w/encl.
       Van Watson w/encl.

NO. 699312-A

EX PARTE                                    IN THE DISTRICT COURT OF

                                            HARRIS COUNTY, T E X A S

VAN WATSON, JR.,                            180TH  JUDICIAL DISTRICT
    Applicant

ATTORNE ' 'S ANSWER TO POST-CONVICTION
WRIT OF HABEAS CORPUS FILED
BY VAN WATSON, JR.

In response to Mr. Watson's Post-Conviction Writ and the Proposed Order designating issues and for filing an affidavit summarizing the facts of the case and, in general, my efforts to represent Mr. Watson:

I was appointed to represent Van Watson, Jr. out of the 180th District Court on April 25, 1995. I learned that Mr. Watson had allegedly, on April 12, 1995, at gun point sexually assaulted his 15-year old natural daughter. At that time I reviewed the State's files, had discussions with my client and on April 26, 1995 went to the District Attorney's office and made a full review of the offense report in his case. From early conversations with the Defendant he claimed to have no recollection of committing the offense, claimed a history of mental illness and gave me information with regards to his medical records and the places he had been treated, but took no position that he had not committed the offense. Over the next couple of months, I filed motions for sanity evaluations, had many letters back and forth between myself and the Defendant. I requested a competency and sanity evaluation on Mr. Watson. Those evaluations come back with a finding that he was competent to stand trial and sane at the time of the alleged offense. I continued efforts to obtain records from Rosewood Psychiatric

Hospital, St. Luke's Hospital, from a Dr. Levinthal, and a Dr. Shaadi. During this period of time it became my impression that Mr. Watson would want to try his case to a jury and our efforts to obtain records and pull together anything that might help him, should he be found guilty, increased. I obtained information on two other people who had children by Mr. Watson and attempted to contact them for any information that might be helpful. I prepared the motion for an independent mental health expert to work with us on the case in the event that that case had to be set for trial. This was due to a request by the Defendant that perhaps he might he go into the Baylor College of Medicine Sex Offender Program and would like Dr. Michael Cox from that program to be able to testify in connection with potential punishment to a jury. Subpoenaes were issued for medical records, several of which were filed with Court from the various facilities that had treated Mr. Watson.

As my representation continued it became apparent that Mr. Watson was not realistic in his expectations. He several times inquired about when he would be able to go back together with his family which was not likely to happen. He also seemed to believe that he could just go into a mental hospital and not have to deal with the criminal charge against him. Toward August 1995, Mr. Watson made inquiry whether he could waive a jury and allow the Court to hear his case. At that time we discussed whether he would want to do that on plea of guilty or no contest, or whether he would want to have a Court trial. We discussed the various alternatives available to him at that time and the fact that, although the Court could not grant him a straight probation for the offense he was accused of, they could consider a deferred adjudication form of probation if he wished the Judge to consider that after a Pre-Sentence Investigation Report. On

2



August 4, 1995, Mr. Watson entered a plea of guilty and a Pre-Sentence Report was ordered for September 28, 1995, at which time Judge Stricklin would do sentencing on the Defendant. This was done with no agreed recommendation with respect to punishment, although it does seem that there was an agreement that the Court would have a punishment cap of 30 years in the Texas Department of Criminal Justice should the Court sentence the Defendant to penitentiary time. There was one sentencing delay and after a reset, the Court in October sentenced the Defendant to 30 years in the Texas Department of Criminal Justice. From my recollection, the Defendant testified at his PSI hearing, still not denying that the act had occurred, along with Vanetta McGee and Mrs. Van Watson.

I will now deal with the specific portions of the Order where the Court has ordered me to respond to certain matters.

1. At no time did I tell Van Watson that he could ever be given probation in exchange or as a result of a plea of guilty to the Court. Thus that factor never entered into his plea of guilty.

2. There was no promise made to the Defendant in connection with his plea of guilty other than that the Court could consider a deferred adjudication and all the way up to the maximum range of punishment which, if my recollection of a cap on punishment is correct, would have been then 30 years in the Texas Department of Criminal Justice.

3. Although I would not have had a copy in my file, it is my recollection that we filed a written motion for community service and that, of course, the Court denied that motion in sentencing Mr. Watson to the 30 year sentence.

4. I was not aware of any evidence, including the medical records the complainant

3

mentions, which would verify that no sexual act occurred between Mr. Watson and his 15-year old daughter. I certainly saw no medical examination report that in any way indicated that there had been no sexual assault of the complainant.

5. Of course, if I had been aware of any document, if it existed, that showed that a medical doctor, examiner, or other expert had concluded that no sexual assault took place, the discussions that I had with the Defendant, the decisions we made, could have been affected.

6. Certainly, Mr. Watson, over the several months that I represented him, agonized with the fact that he could not remember the sexual assault, but that he knew that if the girl said that he had done it, then he did it. Even during the sentencing procedure, Mr. Watson made a specific admission to having sexually assaulted his daughter although, he originally termed it having "having this affair with my daughter." Mr. Watson eventually became more concerned with his belief that a jury would in all probability sentence him to a greater length of time than perhaps the Court would. It also became his belief that he could, through his medical records and history, his remorse for what had happened, his willingness to admit the offense, and to acknowledge that if his daughter said he had sexually assaulted her then he must have, that he could convince the Court that he was a suitable candidate for a deferred adjudication probation. Based on all of the factors above, I certainly feel that Mr. Watson's decision was freely, knowingly, intelligently, and voluntarily made.

Respectfully submitted,

RONALD N. HAYES
Attorney at Law

4

No (6)
Court Transcript page 10
1 page

A.    Yes, ma'am.

Q.    What did he use?

A.    A gun.

Q.    Did your father make any threats against you?

A.    He told me if I didn't do what he said he will shoot me.

Q.    And what exactly did you do?

A.    Ma'am?

Q.    What did he do to you?

A.    He had sex with me.

Q.    He placed his penis in your vagina; is that correct?

A.    Yes, ma'am.

Q.    Now, the threats he made to you, were you frightened?

A.    Yes, ma'am.

Q.    Tell the Judge exactly what he told you?

A.    He told me if I didn't do what he said that he was going to shoot me and kill himself.

Q.    Did you believe him?

A.    Ma'am?

Q.    Did you believe him?

A.    Yes, ma'am.

Q.    After this happened what did you do?

A.    I went back to the room and went to sleep and

10

No (7)

Medical Records
Texas Children Hospital
3 pages

1 Page
Doctor breaking down
the records in layman
terms

APR 28 '95 18:32 SOCIAL SERVICES TCH                                      P.4

TIME: 2058    DATE: 4/12/95    ALLERGIES: NKDA    IMMUNIZATIONS: UTD

CHIEF COMPLAINT: Alleged sexual assault

HISTORY: 15 y/o BF c alleged sexual assault (penile/vaginal pen.) by father (P.W.)
under physical threat (using a hand gun) occurring at home
this a.m. (0400 hr) c other children asleep at home. Pt wiped
her perineal area. Assailant did not wear condom during attack.
LMP 04/06; not on oral contraceptives, denies sexual activity.
No vaginal bleeding/pain. Pt consents to Ovral.
P/Hx = ∅  Surg: ∅  Hosp: ∅  Meds: ∅
Etbc: ⊖ He SS, SA, SC
ROS: Menarche 13 y/o q28 days; menses 6 days
Social: Pt shares time between parents and maternal grandmother
home. 6 children at home c 4 ♀ - 17 y/o, 17 y/o,
14 y/o sisters (half). None reported having been attacked.

HPD Case C40492194-S    CPS contacted
PHYSICAL: VITAL SIGNS  T 98.7  HR 58  RR 18  BP 126/79  WT 66.5 k FOC
HEENT: Sclera clear, TMs unremarkable, Nose-Throat - no excoriations or
Tonsils
CHEST: Good air entry
Neck/ supple: ⊖ LAD
HEART: RRR ⊖ m/r/g, S₂ split
ABDOMEN: soft, NO NT ⊖ HSM
EXT: 2+/2+ pulses; skin unremarkable
IN: No obvious trauma
TURG: alert/coherent/engaging, ⊖ focal
deficits
REPEAT EXAMS / INTERVENTIONS / TIME:

| PHYSICIAN CONTACT | TIME | RESPONDED | NOTE |
|---|---|---|---|
| Rishaw | 2239 | Agree | |
| C PHC  156 B | 2180 | left pt #/name | |

DIAGNOSIS: Alleged sexual assault
DISPOSITION: HOME    ADMIT    TRANSFER TO:
INSTRUCTIONS: Doxycycline 100 mg twice a day
Ovral 2 tabs 12 hours after leaving; take Phenergan 25 mg
1/2 hour before taking Ovral

| MEDICATION | DOSE / AMOUNT | FREQUENCY | HOW LONG? |
|---|---|---|---|
| Phenergan | 25 mg PO | | |
| Ovral | 2 tabs | | |
| Ceftriaxone | 125 mg  IM | | |

Child Protective Health Clinic        call in AM
FOLLOW UP WITH:                    WHEN:
YOU WILL BE CALLED IF FOLLOWING TESTS ARE ABNORMAL:        PHONE#
DOCTOR'S SIGNATURE  SIU
PRINTED NAME  SIU

**LAB / X-RAY RESULTS**
Urine HCG ⊖
wet mount
cervix GC, N.G onorr.
chlamyd

**ATTENDING NOTE**

Tanner-III ♀

area of
excoriation
with discharge, ⊖ lesions/bleeding
hymen intact

EMERGENCY CENTER
HISTORY & PHYSICAL

Texas Children's Hospital

33

# EMERGENCY CENTER HISTORY & PHYSICAL PAGE 2

STAFF MD: _____ ATTENDING MD: _____ RESIDENT: _____

HISTORY & PHYSICAL (TIME    ) _____

1. Wood's
2. Dried swab → saline/sterile water needed
3. comb pubic hair
4. plucked pubic hair
5. Wet mount cervix
6. GC cervix
7. Chlamydia

8. panty, bra, T shirt collection
9. Debris

- No rectal swab
- No oral swab

Blood   RPR
        HIV
        Urine HCG

Meds:  Ceftriaxone
       Axral
       Phenergan

GREEN, CAROL J
CRT   METHODIST
11/13/79   15  1
AVA
GREEN, CAROL J
549392...
MCGRIEE, YARNETTA W
04/18/95
HR 801524...  000000

EMERGENCY CENTER
HISTORY & PHYSICAL
Page 2

Texas Children's Hospital

ERU-1200

000043

Name __Vannetta McGhie__   DOB __11-13-79__   Age __15 yo F__

MR# _____8015249_____   Date seen in ER __4-12-95__

Translator Needed ☐ Yes ☐ No   Patient Relations Notified _____

**ER/FU Labs**

RPR ☒ Non-Reactive ☐ Reactive       HIV ☒ Negative ☐ Positive

GC Cultures                          Chlamydia

  Throat ☐ Negative ☐ Positive      Throat ☐ Negative ☐ Positive

  Vaginal/Urethral ☒ Negative ☐ Positive   Vaginal/Urethral ☒ Negative ☐ Positive

  Rectal ☐ Negative ☐ Positive      Rectal ☐ Negative ☐ Positive

Urine HCG ☒ Negative ☐ Positive

Wet Mount __few WBC's ; many bact ; no sperm or trich__

UA _____

Other _____

_____

_____

..or teens who were assaulted

Rape Kit done ☒ Yes ☐ No

Meds given:

  Ceftriaxone 125 mg. IM ☒ Yes ☐ No  If no, CPH physician notified _____

  Doxycycline 100 mg. bid x 7 days ☒ Yes ☐ No  If no, CPH physician notified _____

  Ovral* 2 tabs in ER, 2 tabs in 12 hours ☒ Yes ☐ No  If no, CPH physician notified _____

  Phenergan 25 mg. with Ovral ☒ Yes ☐ No  If no, CPH physician notified _____

*Ovral not given if time since assault is >72 hours.

**Disposition**

  ☐ No follow-up needed   ☒ Follow in CPH Clinic in __6-8__ weeks

  Possible Study Patient ☐ Yes ☒ No

  ☐ Follow-up by Social Worker needed _____

_____

Other __penile - vaginal__   __4/28/95 - CPH on 6/8/95 e 3p.__

Signature __Chessenbein__

000042

In the case of Van Watson, Jr vs Harris County No. 699312-A, after reviewing records provided of the initial examination of the alledged victim, I, John Forrest Christ, M.D., Ph.D., have found no physical evidence to substantiate aggravated sexual assault, specifically penetration of the vagina with a penis. With an intact hymen as noted in the records of the St Lukes/Texas Childrens Hospitale the likelihood that sexual intercourse was consumated is highly unlikely especially in view of other absent physical findings such as semen. The alledged excoriation appears at a point that is commonly irritated during menses, micturition, and defecation, in addition to infectious disease (which was not seen.) The records as presented to me do not confirm in any way the alledged charge.

Respectfully yours

John E Christ MD PhD

No (8) + (9)

Stamped Reply of Clerk
of Texas Court of Criminal Appeals
Date May 6, 2015

1 Page

1 Page

Letter From Texas Court of
Criminal Appeals of Texas

Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Tx. 78711


May  6 , 2015


Re: Applicants Purposed Findings of Fact and Conclusions of Law
    and Order, Including his Exhibit's A-C
    Trial Court No. 699312-D
    180th. Judicial District Court, Harris County Texas


Styled as : Ex Parte Van Watson Jr.

Dear Clerk, Court of Criminal Appeals of Texas:

Pursuant to TEX. R. APP. P. 9.3 (b)(1), please find enclosed the
Applicants above entitled pleading.

Please file and bring to the Courts immediate attention so that it
may consider and issue a ruling.

Thank you in advance for your kind and prompt attention in this
matter.


Sincerely,

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 1 2015
Abel Acosta, Clerk

Van Watson Jr., Applicant pro se
C.?T. Terrell Unit, 737444
1300 FM 655
Rosharon, Tx. 77583


c.c. Andrew Smith, Assistant District Attorney, Harris County
     District Clerk (Criminal Division), Harris County Texas

ENCLOSURES: As Set out above



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

May 18, 2015

Van Watson #737444
Terrell Unit
1300 FM 655
Rosharon, TX 77583

RE: Trial Court Case # 699312-D

Dear Mr. Watson:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

No (10)

Judicial Inquiry
TO: Judge Marc Brown
180th Judicial District Court
In care of District Clerk
   Harris County
Filed In The Court Of Criminal
   Appeals Of Texas
   August 20, 2015
Response September 1, 2015

      7 Pages
C.M.R.R.R. 7000 1530 0001 8498 4792 Return Card
Aplication Writ of Habeas Corpus
   filed April 1, 2015

Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308 Capital Station
Austin, Tx. 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 20 2015
Abel Acosta, Clerk

August 17, 2015

Re: Please file the following documents
that has been addressed to the Harris
County District Clerk for filing.

Judicial Inquiry to the Honorable Mark
Brown. of the 180th. District Court.

Thank you in advance for your kind
and prompt attention in this matter.

Sincerely,

Van Watson Jr.

Van Watson, Jr.

Van Watson, Jr.
C.T. TERRELL (R3) A-1-43
1300 F.M. 655
Rosharon, TX. 77589 77583
#737444

ENCLOSURES: As set out above

District Clerk, Harris County, Texas
180th. District Court
1201 ~~Fannin uw.st~~ Franklin P.O. Box 4651
Houston, TX. 77005-4651

Honorable Marc Brown, Judge
180th. District Court, Harris County, Texas
18th. Floor, Criminal Justice Center
1201 Franklin St.
Houston, Tx. 77002

August 17, 2015

Re: Judicial Inquiry pertaining to the following documents not being transmitted to the Court of Criminal Appeals of Texas.

1. The Application for Writ of Habeas Corpus filed April 1, 2015
2. Memorandum and Appendix
3. The State's Original Answer
4. The State's Proposed Finding of facts, Conclusion of Law and Order
5. Applicants Proposed Statement of facts, Conclusion of Law and Order.
6. Indictments in Trial Court No's 692018 and 699312, Judgment and Senteces Plea papers, docket Sheets;
7. Motion To Dismiss Trial Court No. 692018
8. True Bill of Indictments.

   I am also enclosing an extra copy of this letter as well as a self addressed stamped Envelope so that you may file mark that Extra copy and return it to me for my record.

   Please file these documents to bring them to the Imediate attention to Judge Marc Brown.

Thank you for your kind and prompt attention
in this matter,

Sincerely,

Van Watson, Jr.

Van Watson, Jr.

Van Watson, Jr.
C.T. TERRELL (R3) A-1-43
1300 F.M. 655
Rosharon, TX 77583
#7374411

Van Watson, Jr.
~~EW#~~
ENCLOSURES : As Stated

Honorable Marc Brown, Judge
180th. District Court, Harris County, Texas
18th. Floor, Criminal Justice Center
1201 Franklin, St.
Houston, Tx. 77002

August 17, 2015

Re: Judicial Inquiry

Styled: The State of Texas
v.
Van Watson, Jr.

Dear Judge Brown:
I am forwarding to you for investigation
(2) letters from the Clerk at The Court of
Appeals of Texas.
One letter indicating the filing of my
documents.
One letter stating the following documents
have not been filed:

1) The Application for Writ of Habeas Corpus filed April 1, 2015
2) Memorandum and Appendix
3) The State's Original Answer
4) The State's Proposed Finding of Facts; Conclusion of Law and Order.
5) Applicants Proposed Finding of Facts; Conclusion of Law and Order.
6) Indictments in Trial Court No's 692018 and 699312, Judgment and Sentences Plea Papers, docket sheets;
7. Motion to Dismiss Trial Court No. 692018
8. True Bill Of Indictments.

I hope that Mandamas is not necessary to get these records Transmitted.

Judge Brown          Page 1 of 2          August 17, 2015

Now I will wait a reasonable amount of time to hear from you or receive the card from the Court of Appeals of Texas informing of the fact all documents was been Transmitted. Enclosed letters dated May 18, 2015 - May 6, 2015 from Abel Acosta, Clerk.
Thank You In Advance.

Van Watson Jr.
Van Watson Jr.
C.T. TERRELL (R3) A-1-43
1300 F.M. 655
Rosharon, Texas 77583
# 737444

c. Harris County District Clerk.



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS

P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

September 1, 2015

Van Watson #737444
Terrell Unit
1300 FM 655
Rosharon, TX 77583

RE: Trial Court Case #699312D

Dear Mr. Watson:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery  4/7/15

1. Article Addressed to:

DISTRICT CLERK, HARRIS COUNTY TEXAS
180TH. DISTRICT COURT
1201 FRANKLIN, P.O. BOX 4651
HOUSTON, TX. 77210-4651

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7000 1530 0001 8498 4792

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

7000 1530 0001 8498 4792

Postage  $ 3.00
Certified Fee  3.10
Return Receipt Fee
(Endorsement Required)  2.55
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $ 8.65

Sent To
DISTRICT CLERK, HARRIS COUNTY TEXAS
Street, Apt. No.; or PO Box No.
1201 FRANKLIN, P.O. BOX 4651
City, State, ZIP+4
HOUSTON, TX. 77210-4651